IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ANTHONY W. RITZ, JR.,

    Plaintiff,

vs.                                         Case No. 4:12cv378-SPM/WCS

OFFICER FILLINGHAM, et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has submitted a motion requesting leave to proceed in forma pauperis, doc. 2, a civil rights complaint filed under 42 U.S.C. § 1983, doc. 1, and a motion for a preliminary injunction, doc. 3.  The complaint and in forma pauperis motion have been reviewed as is required by 28 U.S.C. § 1915A.

    As required by the complaint form, Plaintiff has listed prior cases he has filed. That listing, as confirmed by the Court, reveals that Plaintiff is not entitled to proceed in forma pauperis.  28 U.S.C. § 1915(g).  The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

    if the prisoner has, on 3 or more occasions, while incarcerated or detained
    in any facility, brought an action or appeal in a court of the United States

>that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.  Case 4:12cv200 was dismissed in this Court in June 2012 for failure to truthfully disclose all of his prior federal cases and for failure to exhaust administrative remedies.  A dismissal for failure to exhaust administrative remedies falls within the category of failure to state a claim upon which relief may be granted.  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).  Case 1:99cv201 was also dismissed in the Northern District of Florida for failure to exhaust administrative remedies.  Plaintiff had a third case dismissed for failure to exhaust administrative remedies in the Middle District of Florida, case 3:99cv718.  That means Plaintiff has had three cases dismissed for failure to state a claim.  Furthermore, in the most recent dismissal, 4:12cv200, that case was also dismissed as abuse of the judicial process.[1]

The instant complaint alleges that Plaintiff has been denied medical care and deprived of his property, that he is the victim of retaliation and the use of excessive force, and that he has been denied the right to exercise his religious beliefs.  Although Plaintiff contends that he has been the victim of excessive force in the past, his

---

[1] The court noted in Rivera that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).' "  144 F.3d at 731.

allegations do not demonstrate that he is in jeopardy of serious physical injury in the future.  Thus, his allegations do not bring him within the "imminent danger" exception.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis should be denied, doc. 2, and this action should be dismissed.  The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for in forma pauperis status, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding in this civil rights case without full prepayment of the filing fee, that this case be **DISMISSED without prejudice,** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv378-SPM/WCS